**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JOANNE VICK,

Plaintiff,

v. Case No. 03-CV-73124-DT

METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation,

Defendant.
_______________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "MOTION FOR ATTORNEY FEES, COSTS AND INTEREST"**

Pending before the court is Plaintiff Joanne Vick's March 21, 2006 "Motion for Attorney Fees, Costs and Interest." Defendant Metropolitan Life Insurance Company filed its response to Plaintiff's motion on April 11, 2006. The court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiff's motion will be granted in part and denied in part.

## I. BACKGROUND

On July 23, 2003, Plaintiff filed her complaint against Defendant in Oakland County Circuit Court. Defendant removed the case to this court on August 14, 2003. Plaintiff's complaint sought reinstatement and recovery of her long term disability ("LTD") benefits from Defendant under an employee welfare benefit plan (the "Plan") maintained by her employer, Electronic Data System, Inc. ("EDS"). EDS's supplemental LTD Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Plan is funded by an insurance policy issued by Defendant, and

Defendant serves as the claims fiduciary under EDS's Plan. Defendant, in essence, is the administrator and payor under EDS's Plan.

After reviewing both parties' arguments, this court entered a judgment on February 28, 2006 in favor of Plaintiff against Defendant, finding that Plaintiff's LTD benefits should be reinstated as of July 25, 2002 in accordance with the terms set forth in EDS's Plan. (2/28/06 Judgment.) Accordingly, Plaintiff was awarded past due benefits under the Plan accruing through February 28, 2006. *Id.* Defendant was granted a reimbursement of its overpayment to Plaintiff related to Plaintiff's social security benefits. *Id*.

Thereafter, Plaintiff filed this motion, seeking attorney fees, costs, pre-judgment and post-judgment interest from Defendant. In her motion, Plaintiff contends that the court should award her attorney fees in the amount of $38,812.50 comprised of172.50 attorney working hours at an hourly rate of $225.00. (Pl.'s Br. at 9, 11.) With regard to costs, Plaintiff argues that the court should award her costs totaling $215.00, including a $150.00 filing fee, a $5.00 service fee, and $60.00 in travel expenses. (*Id.* at 11.) Plaintiff also asks this court for pre-judgment interest on "$15,835.59 net benefit payable"[1] to Plaintiff from July 25, 2002 to March 1, 2006, post-judgment interest from March 1, 2006 on the net benefit payable and the pre-judgment interest, and post-judgment interest on attorney fees of $38,812.50. (*Id.* at 10-11.)

[1]The court finds that Plaintiff incorrectly arrived at the $15,835.59. As will be discussed below, the court finds that the proper amount should be $15,619.10.

Defendant opposes Plaintiff's motion and argues that an attorney fee award is not justified under the facts of this case. Defendant also argues that if the court awards attorney fees and costs, then the court should nonetheless reduce the amounts.

## II. STANDARD

Under the general American rule, unless Congress provides otherwise, parties to a litigation are to bear their own attorney fees. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 533 (1994) ("Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney fees."). Pursuant to 29 U.S.C. § 1132(g)(1), this court has discretion to award reasonable attorney fees and costs of the action to either party. 29 U.S.C. § 1132(g)(1); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 936 (6th Cir. 2000). The district court, in exercising its discretion, generally looks to the following factors in considering the appropriateness of an award of attorney fees: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). No single factor is determinative, and this court must consider each factor before exercising its discretion. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998) (citing *Wells v. U.S. Steel*, 76 F.3d 731, 736 (6th Cir. 1996)). There is no presumption that attorney fees and costs will be awarded in ERISA

cases. *Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000); *Foltice v. Guardsman Prods.*, 98 F.3d 933, 936 (6th Cir. 1996).

If the court determines that fees are appropriate, the court must then arrive at a reasonable amount of fees to award. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995). The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted.) When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley*, 478 U.S. at 564 (emphasis in original (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

## III. DISCUSSION

### A. Awarding Attorney Fees and Costs Analysis

Plaintiff contends that she is entitled to an award of attorney fees and costs in this ERISA case based on the five factor analysis as set forth in *King*. *See* 775 F.2d at 669. This court, after reviewing both parties' arguments, concludes that Plaintiff is entitled to an award of attorney fees and costs.

First, the court determines that Defendant's conduct manifested a degree of culpability or bad faith. The court acknowledges that an arbitrary and capricious denial

of ERISA benefits does not necessarily indicate culpability or bad faith. *Heffernan v. UNUM Life Ins. Co. of Am.*, 101 Fed. Appx. 99, 109 (6th Cir. 2004). Nonetheless, the court finds that Defendant's conduct evinces a certain amount of bad faith. While the evidence establishing Defendant's bad faith is not overwhelming, it is enough to tip this factor in favor of Plaintiff. The court bases this conclusion on the conduct of Defendant outlined in this court's February 21, 2006 order, which raised a question in this court's mind regarding Defendant's culpability. Specifically, the court relies on:

(1) Defendant's decision to wait until March 10, 2005 to reinstate this case. (*See* 2/21/06 Order at 12 n.4);[2]

(2) Defendant's decision to rely on Dr. Greenhood and Dr. Gosline's reports, which the court found to contain "numerous errors and inherent inconsistencies, which should have been noted by the plan administrator and resulted in less weight being giving to them." (*See* 2/21/06 order at 17); and

(3) Defendant's unreasonable interpretation of Dr. Al-Kassab's July 25, 2002 Attending Physician Statement. (2/21/06 order at 14-15.)

The court finds that these actions, especially when viewed collectively and in the context of Defendant's conflict of interest, show a degree of bad faith and culpability sufficient to weigh this factor in favor of granting attorney fees to Plaintiff.

Second, the court determines that Defendant has the ability to satisfy an award of attorney fees and costs. Plaintiff and Defendant agree that Defendant, a major insurance company in the United States, has the financial ability to pay for Plaintiff's attorney fees and costs. (Pl.'s Mot. at 5; Def.'s Resp. at 9.)

---

[2]Although Defendant's brief states that "Defense counsel telephoned Plaintiff's counsel and offered to stipulate to extend that deadline," this does not sufficiently explain why Defendant delayed notifying Plaintiff of the denial of her appeal until she moved to reinstate this case. (Def.'s Resp. at 8.)

Third, the court determines that an award of attorney fees and costs can have a deterrent effect on other similarly situated defendants. The court is not persuaded that Defendant's above-mentioned actions necessarily reflected honest mistakes. *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Even if poor judgment, rather than deliberate malfeasance, motivated Defendants' actions, an award of attorney fees and costs should deter like behavior in the current defendant and others similarly sitatuated.

Fourth, the court determines Plaintiffs' lawsuit did not seek to confer a common benefit on all participants and beneficiaries of an ERISA plan nor did Plaintiffs seek to resolve any significant legal questions involving ERISA. Plaintiff concedes that "she is not pursuing this claim to confer a common benefit on all participants and beneficiaries of an ERISA plan." (Pl.'s Mot. at 7.) Plaintiff, however, argues that this case involves significant ERISA questions including the "extent to which litigation counsel may rely on policy provisions, selective record consideration and record interpretations not replied upon at the administrative level . . . ." (*Id.*) The court, however, determines that these are common questions that have to be resolved in most ERISA cases, and do not address any significant or unique ERISA question. This factor accordingly weighs in favor of Defendant.

Fifth, the court finds that the merits of Plaintiff's position relative to Defendants's position weighs in favor of Plaintiff. Although Defendant succeeded in its counterclaim, Defendant's counterclaim, regarding the reimbursement of Defendant's overpayment to Plaintiff, was not central in this litigation. Plaintiff's position in this case, which was strong enough to overcome the deferential arbitrary and capricious standard, is also

strong enough to justify an award of attorney fees. The court therefore determines that Plaintiff's position is of greater merit than Defendant's position.

The court's analysis, in sum, reveals that four out of the five *King* factors favors Plaintiff's request for an award of attorney fees and costs. Although no one factor is determinative, the combination of these factors, in the court's opinion, favors granting Plaintiff's request for attorney fees and costs.

**B. The Amount of Attorney Fees and Costs**

Defendant contends that even if attorney fees and costs are to be awarded to Plaintiff, such fees and costs must be reasonable. (Def.'s Resp. at 14.) Defendant argues that this court should 1) reduce Plaintiff's attorney's billable hours for reviewing administrative record from 20.25 to 10.25 hours; 2) reduce Plaintiff's attorney's billable hours for legal research from 15.75 to 7.75 hours; 3) reduce Plaintiff's attorney's billable hours for drafting the motion for judgment and response from 57.25 to 30 hours; 4) eliminate Plaintiff's attorney's 2.75 hours for administrative tasks; 5) reduce Plaintiff's attorney's working hours from 172.50 to 122.50 hours; and 6) change Plaintiff's attorney's hourly rate from $225.00 to $200.00. Cumulatively, Defendant's requested changes would reduce the total Plaintiff's attorney fees from $38,812.50 to $24,500.00. Defendant also asks the court to eliminate Plaintiff's legal costs request of $155.00 for filing and service of process fees and $60.00 for travel expenses. (Def.'s Resp. at 23.)

**1. Dispute on Plaintiff's Attorney's Hourly Rate**

Plaintiff requests attorney fees at an hourly rate of $225.00. (Pl.'s Mot. at 9.) In support, Plaintiff relies on her attorney's legal background and experience. (*Id.* at 8-9.) Defendant, however, argues that the hourly rate for Plaintiff's counsel should be, at

most, only $200.00 per hour. (Def.'s Resp. at 16, 19.) Defendant cites various federal and Michigan state cases in which courts awarded a lower attorney's hourly rate than what Plaintiff is demanding for her attorney. *See Granzeier v. Middleton*, 173 F.3d 568 (6th Cir. 1999) (upholding fee award based on lowered hourly rate of $110.00); *In re Attorney Fees and Costs*, 593 N.W.2d 589, 594 (Mich. Ct. App. 1999) (upholding fee award based on hourly rate of $125.00); *McPeak v. McPeak*, 593 N.W.2d 180, 187 (Mich. Ct. App. 1999) (same).

This court agrees with Defendant that Plaintiff has not met her burden of establishing that $225.00 per hour is a "reasonable rate." *See Granzeier,* 173 F.3d at 577 ("The party seeking attorney's fees bears the burden of proof on the number of hours expended and the rates claimed."). While the court is inclined to believe that $225.00 is in the realm of reasonableness, the court finds insufficient evidence in this case to support this hourly rate. Plaintiff cites only to her attorney's general background to support an hourly rate of $225.00, without producing any evidence to support the contention that $225.00 is a reasonable rate in this market. The Sixth Circuit has held that a $200 hourly rate was reasonable for legal work in several types of litigation. *See, e.g., Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) (finding that "[t]he district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case); *Lamar Advertising Co. v. Charter Tp. of Van Buren,* Nos. 04-2500 & 04-2521, 2006 WL 1133309, *3 (6th Cir. 2006) (approving $200 hourly rate in a 42 U.S.C. § 1983 case involving Detroit area

counsel).[3] While there is ample legal support to justify an hourly rate of $200.00 in the metro-Detroit community, Plaintiff has failed to cite to any case which has awarded a higher amount of fees in an ERISA case, let alone a case which has found that the current market rate has reached $225.00 per hour. The court will therefore award Plaintiff's attorney of an hourly rate of $200.00 for his work in this case.

**2. Dispute on Plaintiff's Attorney's Billable Hours**

In addition to requesting that the court reduce the hourly rate for Plaintiff's attorney, Defendant argues that the court should also reduce the number of hours attributable to defense counsel. Defendant first argues that this court should reduce Plaintiff's request for her attorney's administrative record review hours from 20.25 hours to 10.25 hours. (Def.'s Resp. at 16, 19.) Defendant states that the size of the total administrative record in this case is about 280 pages and is similar to other comparable ERISA cases. (*Id.*) Defendant suggests, without explanation, that 10.25 hours would be a reasonable number of hours to review these records. *Id.* The court is not persuaded by Defendant's argument. First, the court finds that 20.25 hours, or approximately two and a half days, to review 280 pages of dense medical records and ERISA plans is not unreasonable. Moreover, Plaintiff's attorney's time sheet reveals

---

[3]Although unpublished decisions in the Sixth Circuit are not binding precedent, *see Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir 1996) (Unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action."), their reasoning may be "instructive" or helpful. *See Boyd v. Yukins,* 99 Fed. Appx. 699, 703 (6th Cir. 2004) ("Our unpublished case of *Mix v. Robinson,* 64 Fed. Appx. 952, 957-58 (6th Cir. 2003), is instructive."); *Combs v. Int'l Ins. Co.* 354 F.3d 568, 593 (6th Cir ,2004) ("Although *Willits* [*v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916 (6th Cir. Sept. 1, 1999)] is an unpublished opinion, its reasoning is instructive.").

that he reviewed the administrative record at various times and for various purposes over a span of three years, from late 2002 to 2005. It is reasonable to assume that Plaintiff's attorney would need to review the administrative record more than once in a litigation spanning three years. Consequently, 20.25 hours is a reasonable billing for reviewing the administrative record during the span of this litigation.

Defendant next argues that the court should reduce Plaintiff's request for her attorney's legal research hours from 15.75 hours to 7.75 hours because Plaintiff's attorney failed to indicate the subject matter or scope of the legal research. (*Id.* at 16-17, 19.) Defendant also states that this ERISA litigation "does not compel Defendant to underwrite counsel's continuing legal education" and it would be impossible to determine whether Plaintiff's attorney is asking to recover for his "general education." (*Id.* at 17.) The court is inclined to find, absent compelling evidence to the contrary, that Plaintiff's attorney's legal research hours were not devoted to his "continuing legal education" or his "general education." Although Plaintiff's attorney should have categorized and specified the scope of his legal research, Plaintiff's request for 15.75 legal research hours is not unreasonable for ERISA litigation of this magnitude. The court will not reduce the submitted hours.

The court will reduce, however, the hours devoted to drafting the motion for judgment and the response to Defendant's motion for judgment, as requested by Defendant, from 57.25 hours to 30 hours. (Def.'s Resp. at 17, 19.) Defendant supports its contention by stating that (1) the "bulk of that time, 42.25 hours, is attributed to a single day, July 20, 2005;" (2) 57.25 hours, in addition to administrative record review

hours and legal research hours, is excessive and should be reduced; and (3) the court may reduce a fee award for time spent on unsuccessful claims. (*Id.* at 17; *see also Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 2001), *abrogated on other grounds by Pollard v. E.I. du Pont de Nemours & Co.,* 532 U.S. 843, 846 (2001).) The court is persuaded that attributing 42.25 hours to a single day for "preparation of Plaintiff's motion for judgment," without further explanation, is unreasonable. (Pl.'s Ex. 1.) The court also agrees with Defendant that a total of 57.25 hours for preparing the motion for judgment is excessive, especially where, as here, Plaintiff was unsuccessful on a portion of this litigation.

Defendant next contends that this court should eliminate Plaintiff's attorney's 2.75 hours for administrative tasks, including the submission of the motion and exhibits electronically and mail. Defendant argues that such tasks are "clerical in nature and not recoverable as attorney fees." (Def.'s Resp. at 17.) This court is not persuaded by Defendant's argument. A sole practitioner such as Plaintiff's attorney may have to perform or supervise these clerical tasks, and therefore hours spent on these "clerical duties" may also be included as attorney fees. The court, nevertheless, finds that Plaintiff's attorney's request of 2.75 hours for administrative tasks is excessive and will reduce hours for these tasks to a total of 0.75 hours.

This court, in sum, has eliminated 29.25 Plaintiff's attorney's billable hours by reducing 2 hours of administrative tasks and 27.25 hours for drafting the motion for judgement and the response to Defendant's motion for judgment. After the adjustment, 143.25 billable hours remain for Plaintiff's attorney's work in this case. Using the

previously determined hourly rate of $200.00, the total amount of reasonable attorney fees is $28,650.00.

**3. Dispute on Plaintiff's Other Legal Cost Requests**

Defendant contends that pursuant to 28 U.S.C. § 1920 ("Taxation of Costs"), Plaintiff can only recover costs specifically listed under this section. Because filing fees, service of process fees and attorney's travel expenses are not listed in 28 U.S.C. §1920, Defendant argues that Plaintiff cannot recover them from Defendant.

In the court's opinion, 29 U.S.C. §1132(g)(1) allows the court the discretion to award reasonable costs to either party. Moreover, 28 U.S.C. § 1920 does not state that this court can *only* count those items specifically listed under the section as costs. Rather, 28 U.S.C. § 1920 states that, "a judge or clerk of any court of the United States may tax as costs the following: . . ." The court interprets this to mean that specific items listed in section 1920 can be taxed as costs, but costs need not be limited to these items.

Plaintiff lists an amount of $215.00 for legal costs including $150.00 for "filing the Summons and Complaint in State Court," $5.00 for "service of process fee", and $60.00 for "travel expenses associated with four trips to Court, three to attend status conferences . . . and one trip to argue Plaintiff's Procedure Challenge Motion." (Pl.'s Mot at 9-10.) The court determines that these costs requested by Plaintiff are reasonable legal costs associated with this litigation and should be properly awarded. The court will therefore award legal costs of $215.00 to Plaintiff's attorney.

### C. Pre-Judgment and Post-Judgment Interest

Plaintiff also requests that the court award pre-judgment and post-judgment interest. (Pl.'s Mot. at 10-11.) Defendant has not presented any counter arguments to Plaintiff's requests.

#### 1. Pre-Judgment Interest

The Sixth Circuit has held that "[a]lthough ERISA does not mandate the award of prejudgment interest to prevailing plan participants, we have long recognized that the district court may do so at its discretion in accordance with general equitable principle." *Ford v. Uniroyal Pension Plan,* 154 F.3d 613, 616 (6th Cir. 1998). "An award of prejudgment interest serves to compensate the 'beneficiary for the lost interest value of money wrongly withheld from him or her.'" *Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 810 (6th Cir. 2002) (quoting *Ford,* 154 F.3d at 618). The court finds that such an award is appropriate in this case.

Plaintiff argues that pre-judgment interest should be imposed on "$15,835.59 net benefit payable to Plaintiff from July 25, 2002 to March 1, 2006 at either the rate set forth in 28 U.S.C. § 1961 or the rate actually realized by [Defendant] on the funds in question, whichever is greater." (Pl.'s Mot. at 10-11.) The court finds, however, that the correct net benefit payable to Plaintiff from July 25, 2002 to March 1, 2006 should be $15,619.10 and not the $15,835.59 that Plaintiff requests. The court awarded judgment to *Defendant* and against *Plaintiff* in the amount of $15,835.59 for overpaid benefits. The court awarded judgment to Plaintiff and against Defendant in the amount

of $31,454.69 of past due LTD benefits. If the amount owed to Defendant is offset against the amount owed to Plaintiff, the "net benefit payable" to Plaintiff by Defendant is $15,619.10 ($31,454.69 minus $15,835.59). The court will thus award pre-judgment interest to Plaintiff on the amount of $15,619.10, or the "net benefit payable" to Plaintiff.

### 2. Post-Judgment Interest

Plaintiff asserts that post-judgment interest should be imposed pursuant to 28 U.S.C. § 1961 on the combined sum of the net benefit payable (which, as the court explained above, should actually be $15,619.10) and the amount of pre-judgment interest owed by Defendant starting March 1, 2006 and also on attorney fees once they are awarded. (Pl.'s Mot. Br. at 11).

Although ERISA does not specifically address post-judgment interest, the federal post-judgment interest statute, 29 U.S.C. § 1961 is applicable in ERISA cases. *Caffey v. Unum*, 302 F.3d 576, 586 (6th Cir. 2002); *Hoover*, 290 F.3d at 810. The Sixth Circuit has stated that "district courts are required to award postjudgment interest" in accordance with 29 U.S.C. § 1961. *Caffey*, 302 F.3d at 586. Post-judgment interest should be imposed on all money damages including pre-judgment interest and attorney fees. (*Id.* at 586, 589). The court will therefore award post-judgment interest as requested by Plaintiff.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's motion for attorney fees, costs and interest [Dkt. # 44] is GRANTED IN PART and DENIED IN PART, as specified further in the body of this opinion.

IT IS ORDERED that Plaintiff is AWARDED legal costs of $215.00 and attorney fees of $28,650.00, based on a total of 143.25 billable hours for Plaintiff's attorney's work and an hourly rate of $200.00.

Plaintiff is FURTHER AWARDED pre-judgment interest on $15,619.10 from July 25, 2002 to March 1, 2006, at either the rate set forth in 28 U.S.C. § 1961 or the rate actually realized by MetLife on the funds in question, whichever is greater.

Plaintiff is ALSO AWARDED post-judgment interest pursuant to 28 U.S.C. § 1961 on the combined sum of $15,619.10 and the pre-judgment interest owed by Defendant; such post-judgment interest shall begin accruing on March 1, 2006 and shall continue to accrue until paid in full. Finally, Plaintiff is AWARDED post-judgment interest pursuant to 28 U.S.C. § 1961 on attorney fees of $28,650.00 starting from the date of this order.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522